**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**INTERFACE SOLUTIONS, INC.,**

                **Petitioner,**          5:11-cv-286
                                                          (GLS)
                **v.**

**WORKERS UNITED SERVICE
EMPLOYEES INTERNATIONAL
UNION ROCHESTER REGIONAL
JOINT BOARD and its LOCAL
UNION NO. 701-T,**

                **Respondents.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PETITIONER:** | |
| Bond, Schoeneck Law Firm | PATRICK V. MELFI, ESQ. |
| One Lincoln Center | ANDREW D. BOBREK, ESQ. |
| Syracuse, NY 13202-1355 | |
| **FOR THE RESPONDENTS:** | |
| Chamberlain, D'Amanda Law Firm | MICHAEL T. HARREN, ESQ. |
| 2 State Street | |
| 1600 Crossroads Building | |
| Rochester, NY 14614 | |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Petitioner Interface Solutions, Inc. ("Interface"), commenced this action against respondents Workers United Service Employees International Union Rochester Regional Joint Board and its Local Union No. 701-T ("Workers United"), pursuant to 29 U.S.C. § 185 and 9 U.S.C. § 10, seeking an order partially vacating an arbitrator's award. (*See* Pet., Dkt. No. 1.) Pending are Interface's motion to vacate the arbiter's award of the Rule of 90 pension benefit and Workers United's counterclaim for confirmation of the award. (*See* Dkt. Nos. 1, 8.) For the reasons that follow, Interface's motion is granted and Workers United's counterclaim is dismissed.

## II. Background

This case arises out of the termination of Deborah Crary, an employee at one of Interface's plants, in accordance with the collective bargaining agreement ("CBA") between Interface and Workers United. (*See* Pet. ¶¶ 5-8, Dkt. No. 1.) Following their inability to resolve the dispute over Crary's termination under the CBA's grievance procedures, the parties submitted the matter to Robert Kingsley Hull for arbitration. (*Id.* ¶ 9.) In so doing, the parties stipulated the following issues: "Did [Interface] discharge employee Deb Crary in violation of the standards set forth in Section 8.7 of

2

the [CBA]? If so, what should the remedy be?" (*See* Dkt. No. 1, Attach. 7 at 9.) After three days of hearings between December 2009 and January 2010, and the submission of post-hearing briefs by both parties, Hull issued a decision on December 17, 2010. (*See* Pet. ¶¶ 11-12, Dkt. No. 1.) Although Hull ruled that Crary's termination did not violate the CBA, he nonetheless found that Interface "failed to justify" the loss of Crary's full pension (*i.e.,* a Rule of 90 pension), and thus "retroactively restored" it. (*Id.* ¶¶ 18-22.) Interface now seeks to vacate the portion of the arbitral award that restores Crary's Rule of 90 pension. (*Id.* ¶ 23.)

### III.  Discussion

Interface alleges that Hull "exceeded the scope of the issue submitted to him for resolution by the parties." (Dkt. No. 1, Attach. 2 at 3.) Specifically, it argues that because Hull found that Interface did not violate the CBA, the first question before him, he was not permitted to address the second question on remedies. (*Id.* at 3-4.) Workers United asserts, in their response, that Hull did not exceed his authority under the CBA, and even if he did, Interface was required to pursue its objection through further arbitration. (*See* Dkt. No. 8, Attach. 2 at 5-13.) The court agrees with Interface.

**A.     The arbitration award**

When reviewing an arbitral award, the court accords the arbitrator's decision "a high degree of deference"; "even a barely colorable justification for the outcome reached" must be upheld.  *187 Concourse Assoc. v. Fishman*, 399 F.3d 524, 526 (2d Cir. 2005) (internal quotations and citations omitted); *see also United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.").  However, where the arbitrator has exceeded his authority, the court may vacate the award.  *See 187 Concourse*, 399 F.3d at 527; 9 U.S.C. § 10.

To this end, the Second Circuit's decision in *187 Concourse*—the principle case relied on by Interface—is indistinguishable.  There, the Court explicated the appropriate inquiry as follows:

> The principal question for the reviewing court is whether the arbitrator's award draws its essence from the collective bargaining agreement, since the arbitrator is not free merely to dispense his own brand of industrial justice.  In addition, "[t]he scope of authority of arbitrators generally depends on the intention of the parties to an arbitration, and is determined by the agreement or submission."

4

*187 Concourse*, 399 F.3d at 527 (internal citations and quotations omitted). When applied to the questions presented in that case,[1] the Court found that the arbitrator exceeded his authority because he was only permitted to answer the second (remedies) question, if he answered the first ("just cause") question in the negative.  *See id.*

Here, the questions before Hull were: "Did [Interface] discharge employee Deb Crary in violation of the standards set forth in Section 8.7 of the [CBA]? *If so*, what should the remedy be?"  (*See* Dkt. No. 1, Attach. 7 at 9) (emphasis added).  The phrase "if so" renders the second question dependent on an affirmative answer to the first question.  (*See id.*)  By finding that Interface did not violate Section 8.7, Hull abrogated his own authority to answer the remedies question.  Because his consideration and restoration of Crary's Rule of 90 pension exceeded the authority granted to him by the parties, Interface's motion to vacate the award of pension benefits is granted and Workers United's counterclaim for confirmation is dismissed.[2]

---

[1] The questions presented to the arbitrator in *187 Concourse* were: "Was the Grievant discharged for just cause? If not, what shall the remedy be?" 399 F.3d at 527.

[2] Workers United further argues that Section 8.7 of the CBA permitted Hull to reach the question of remedies.  (*See* Dkt. No. 8, Attach. 2 at 7-11.)  This argument is equally unavailing.

5

### B.     The duty to pursue objections through arbitration

Workers United's argument that Interface was required to pursue its objection to Hull's award through further arbitration is unpersuasive as it relies on Hull's *sua sponte* grant of jurisdiction over the implementation of the award to himself.  (*See* Dkt. No. 8, Attach. 2 at 11.)   As discussed in Interface's Reply, the doctrine of *ex functus officio* nullified Hull's authority to retain jurisdiction over the matter once a final award was entered.[3]  *See Ottley v. Schwartzberg*, 819 F.2d 373, 376 (1987).  Accordingly, Interface was not required to pursue its objection with Hull.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Interface's motion to vacate the arbitral award with respect to the remedies ordered (Dkt. No. 1) is **GRANTED** and Workers United's counterclaim for confirmation of the arbitral award (Dkt. No. 8) is **DISMISSED**; and it is further

---

Compensation under section 8.7 of the CBA is limited by the following statement: "In the event that it should be decided under the grievance procedure that the employee's claim is *proved* . . . ." (*See* Dkt. No. 1, Attach. 3 at 17) (emphasis added).  As such, compensation is impermissible where, as here, the employee failed to prove her claim.

[3]  Moreover, as Hull no longer has authority to adjudicate this dispute, the court is not required to remand the proceedings to him for further consideration in accordance with this memorandum-decision and order.  *See Ottley v. Schwartzberg*, 819 F.2d 373, 376 (1987).

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 26,2011
Albany, New York

Gary L. Sharpe
U.S. District Judge